# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHWESTERN DIVISION

| | |
|---|---|
| EULA TATE and MARY BREAK, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 05-5124-CV-SW-FJG |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is defendant's Motion to Dismiss or for Summary Judgment as to Count V and Claims for Punitive Damages and Attorneys' Fees (Doc. No. 19). Defendant asserts that plaintiffs are not entitled to assert a claim for "bad faith" against it, in that the insurance company's duty of good faith lies with the insured (in this case, the driver of the car, Ruble Wayne Pickle) and does not extend to third-parties. Further, defendant asserts that plaintiffs' claims for punitive damages are not cognizable because their claims (other than their "bad faith" claim) arise under contract law, and Missouri does not recognize punitive damages for breach of contract claims. Finally, defendant states that plaintiffs have no claim for attorneys fees because plaintiffs have not alleged anything that warrants departure from the American Rule, which stands for the proposition that each litigant must typically pay his or her own attorneys fees.

**I. Facts.**[1]

Plaintiffs Mary Break and Eula Tate claim to have sustained bodily injury due to the negligence of Ruble Wayne Pickle as a result of a May 25, 2002 one-car collision in which Mr. Pickle lost control of Ms. Break's vehicle and collided with a roadside structure. See Petition ¶¶ 5 and 6. Plaintiffs were passengers in the vehicle. Id. Ruble Wayne Pickle died in August 2002. Depo. of Mary Break at p. 112, attached as Ex. A to Doc. No. 18.

In August 2004, the estate of Ruble Wayne Pickle presented claims to State Farm, as alleged insurer of the accident vehicle, for the injuries to plaintiffs Tate and Break. Petition ¶ 9. Plaintiff has alleged that Ruble Wayne Pickle is the "insured" under the State Farm Policy.[2] See Petition ¶ 13. State Farm has taken the position that there was no policy in force on the date of the accident and therefore there is no coverage. Petition ¶ 10. In September 2004, plaintiffs took judgments against the Estate of Ruble Wayne Pickle; plaintiff Break obtained a judgment for personal injury damages in the amount of $529,089.88 plus interest, and property damages of $20,000, whereas plaintiff Tate

---

[1]Although plaintiffs filed a response to defendant's motion that included a list of material facts as to which they assert a genuine issue exists, plaintiffs did not specifically controvert any of the facts presented in the motion and suggestions in support. Furthermore, plaintiffs failed to cite to the record in their statement of facts. In accordance with Local Rule 56.1(a), "[a]ll facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party." See Ruby v. Springfield R-12 Public School Dist., 76 F.3d 909, 911 n. 6 (8th Cir. 1996). Accordingly, all facts set forth in the Court's statement of facts will be taken from defendant's suggestions in support (Doc. No. 18) and from the petition unless otherwise specified.

[2]Plaintiff Break was apparently the purchaser of the policy; however, plaintiff Break does not assert that she was the "insured", but rather that she is invoking "third-party coverage" under the liability policy. See Response to Motion for Summary Judgment, Doc. No. 26, p. 3.

2

obtained a judgment for personal injury damages in the amount of $1,100,000.00 plus interest.[3]  Petition ¶¶ 7 and 8.  Plaintiffs seek to recover on those judgments in this lawsuit.

**II. Summary Judgment Standard.**

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).  The facts and inferences are viewed in the light most favorable to the nonmoving party.  Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-590 (1986).  The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law.  Matsushita, 475 U.S. at 586-90.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence, must set forth facts showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e); Lower Brule Sioux Tribe v. South Dakota, 104 F.3d 1017, 1021 (8th Cir. 1997).  To determine whether the disputed facts are material, courts analyze the evidence in the context of the legal issues involved.  Lower Brule, 104 F.3d at 1021.  Thus, the mere existence of factual disputes between the parties is insufficient to avoid summary judgment.  Id.  Rather, "the disputes must be outcome determinative under prevailing law."  Id. (citations omitted).

Furthermore, to establish that a factual dispute is genuine and sufficient to warrant

---

[3]Plaintiff alleges that the policy limits are significantly less than these amounts: $50,000 for each person and $100,000 per accident for bodily injury and $50,000 for property damage.  See Petition ¶ 13.

trial, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the facts." Matsushita, 475 U.S. at 586. Demanding more than a metaphysical doubt respects the appropriate role of the summary judgment procedure: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex, 477 U.S. at 327.

**III. Discussion.**

    A.    <u>Plaintiffs' Bad Faith Claim</u>

Defendant asserts that plaintiffs' bad faith claim (in which they are apparently seeking to recover the portion of their underlying judgments that exceed the insurance policy limits) fails because defendant did not owe plaintiffs a duty of good faith. Instead, defendant argues that the duty was owed only to the insured, Ruble Wayne Pickle, the driver of the car.

Defendant states that Missouri does not recognize a contract action to recover that portion of a judgment which exceeds the limits of the underlying liability policy. <u>Zumwalt v. Utilities Ins. Co.</u>, 228 S.W.2d 750, 755-56 (Mo. 1950). Instead, where a company has acted in bad faith in refusing to settle within the policy limits, the company can be found "liable in tort <u>to the insured</u> for the entire resulting judgment against the insured, including that part thereof in excess of the policy limits." <u>Landie v. Century Indemnity Co.</u>, 390 S.W.2d 558, 563 (Mo. App. 1965) (emphasis added). Here, defendant notes that neither Mr. Pickle nor his estate is a party to this action, and the deadline for adding new parties ran long ago. Defendant further notes that plaintiffs do not allege that they were assigned

4

Mr. Pickle's tort claim for breach of the duty of good faith.[4] Additionally, defendant notes that plaintiffs can only pursue the limits of the liability coverage if they are seeking to proceed as garnishees. See Linder v. Hawkeye Security Co., 472 S.W.2d 415, 414-15 (Mo. 1971) (analyzing equitable garnishments under R.S.Mo. § 379.200); State ex rel Government Employees Ins. Co. v. Lasky, 454 S.W.2d 942, 950 (Mo. App. 1970) (analyzing traditional garnishment actions).

In response to defendant's motion, plaintiffs argue generally that defendant acted in bad faith, and that whether defendant acted in bad faith is a question of fact that should be reserved for the jury. However, plaintiffs do not address the primary issue raised in defendant's motion, namely, whether the defendant owed a duty of good faith to the plaintiffs as opposed to the driver of the automobile. The Court finds that, under the law of Missouri as stated by defendant, plaintiffs are unable to recover an amount in excess of the insurance policy limits under a "bad faith" theory, in that plaintiffs are not the insured or assignees of the insured. Therefore, defendant's motion for summary judgment (Doc. No. 19) will be **GRANTED** as to this issue.

B. Plaintiffs' Punitive Damages and Attorneys' Fee Claims

As this Court has found that plaintiffs' "bad faith" tort claims should be dismissed and the only remaining claims sound in contract law, the Court finds that plaintiffs' claims for

---

[4]Although defendant argues that bad faith refusal to settle claims are not assignable, there appears to be a split of authority regarding this proposition. Compare Quick v. Nat'l Auto Credit, 65 F.3d 741, 746 (8th Cir. 1995) (finding such claims to be non-assignable); with Ganaway v. Shelter Mut. Ins. Co., 795 S.W.2d 554, 564 (Mo. App. S.D. 1990) and Freeman v. Basso, 128 S.W.3d 138, 143 (Mo. App. S.D. 2004) (noting that bad faith refusal to settle claims are assignable). Nonetheless, plaintiffs failed to allege that Mr. Pickle's claim for bad faith refusal to settle was assigned to them, rendering this a moot point.

5

punitive damages should also be dismissed.  See Peterson v. Continental Boiler Works, Inc., 783 S.W.2d 896, 903 (Mo. 1990).  Further, defendants state that plaintiffs would not be entitled to attorneys' fees under the American Rule.  See David Ranken, Jr. Technical Inst. v. Boykins, 816 S.W.2d 189, 193 (Mo. 1991) (noting the general proposition that absent statutory authorization or contractual agreement, each litigant generally bears his own attorney's fees), overruled on other grounds by Alumax Foils, Inc. v. City of St. Louis, 939 S.W.2d 907 (Mo. 1997).  Plaintiffs have alleged nothing in their petition or in response to the motion for summary judgment that would support a departure from the American Rule.  Therefore, defendant's motion for summary judgment (Doc. No. 19) will be **GRANTED** as to both of these issues.  Plaintiffs' claims for punitive damages and attorneys' fees are **DISMISSED.**

**IV. Conclusion**

For the reasons set forth above, defendant's motion for summary judgment (Doc. No. 19) is **GRANTED.**

**IT IS SO ORDERED.**

Date:  November 14, 2006          S/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri                Fernando J. Gaitan, Jr.
                                               United States District Judge

6

Case 3:05-cv-05124-FJG   Document 37   Filed 11/14/06   Page 6 of 6